IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kalvin Dontay Hunt, ) | C/A No. 3:15-4389-TMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| United States President; Vice President;) Secretary of Defense; Joint Chief of Staff;) Secretary of the Navy; Commandant of Marine) Corps; Sergeant Major of Marine Corps; Tricare;) United States Federal Government, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Kalvin Dontay Hunt ("Plaintiff"), proceeding pro se, brings this civil action alleging violations of his constitutional rights. It appears that Plaintiff is committed to the South Carolina Department of Mental Health, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## **BACKGROUND**

Plaintiff resides at the Columbia Regional Correct Care Center in Columbia, South Carolina. [Doc. 1.] He brings this action against the United States President, Vice President, Secretary of Defense, Joint Chief of Staff, Secretary of the Navy, Commandant of Marine Corps, Sergeant Major of Marine Corps, Tricare, and United States Federal Government. [*Id.*] He alleges that this action concerns: "criminal negligence, racial discrimination, prejudice, wrongful discharge, indecent assault, taxation without representation, public humiliation and exploitation." [*Id.*]

Liberally construed, Plaintiff alleges the following facts. More than six years ago, while he was serving in the military, Plaintiff was a victim of an indecent assault by another

male. [*Id.*] The other male placed his testicles on Plaintiff's face while he was sleeping and took a picture. [*Id.*] Plaintiff was distressed and began self-medicating with alcohol and drugs for a six-year period. [*Id.*] Plaintiff reported the incident to a gunnery sergeant who failed to take action. [*Id.*] This incident "was solely responsible for destroying [his military] career," and he was separated for "bad conduct" and demoted from an E-5 to E-1. [*Id.*]

Plaintiff complained of suicidal thoughts due to the incident, but the military did not give him "a medical opt out." [*Id.*] "Tricare health care professionals they diagnosed [Plaintiff] as a malingerer, [feigning] for monetary gain although [he is] a OEF/OIF veteran." [*Id.*] Although Plaintiff was mentally unstable, he was placed on "unpaid appellate leave status" with a 90-day supply of anti-psychotic medication but without a proper out-patient treatment plan. [*Id.*] Plaintiff became psychotic and homeless and did not have "V.A. coverage eligibility." [*Id.*]

During Plaintiff's time in a Tricare mental health facility, he noticed that other service members with the same symptoms were medically relieved from service. [*Id.*] Because of his ethnicity[*], Plaintiff was cleared for duty on several occasions. [*Id.*]

In February of 2012, Plaintiff committed a murder due to his mental illness. [*Id.*] After serving 34 months in the Beaufort County Detention Center, Plaintiff was found "criminally insane during the commission of the crime due to [schizophrenia] paranoid type." [*Id.*]

Plaintiff contends that he did not receive proper treatment through the victim advocacy program, and the government was criminally negligent which caused him to

---

[*]Plaintiff does not specify his ethnicity.

commit the murder. [*Id.*] Plaintiff alleges he has written complaints to the N.A.A.C.P., the commander-in-chief, and members of the cabinet. [*Id.*] He also alleges he has been the victim of taxation without representation. [*Id.*] And, based on these facts, his constitutional rights have been violated. [*Id.*]

For his relief, Plaintiff seeks "public vindication from the crime by way of presidential pardon." [*Id.*] He seeks reimbursement for his legal fees, health care costs, and medical severance back-pay. [*Id.*] He requests to be restored to E-5 rank with a medical retirement and to receive all benefits offered to veterans. [*Id.*] He also seeks damages and a "congressional investigation be conducted to exonerate [him] from blame in this case completely." [*Id.*]

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal.

The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory). Here, Plaintiff does not allege sufficient factual matter to state a plausible claim to relief.

To the extent this action may be construed as raising a negligence claim pursuant to the Federal Tort Claims Act ("FTCA") against the United States, this Court lacks

4

jurisdiction over the claim. A suit under the FTCA lies only against the United States. *See* 28 U.S.C. § 2674; *Cibula v. United States*, 664 F.3d 428, 429–30 (4th Cir. 2012). A federal district court lacks subject matter jurisdiction over claims asserted against federal agencies or individual federal employees. Thus, only the United States is a proper defendant if this action is a FTCA case. *See Sheridan v. Reidell*, 465 F. Supp. 2d 528, 531 (D.S.C. 2006); 28 U.S.C. § 2679. The FTCA waives the sovereign immunity of the United States in certain situations, and litigants must strictly comply with the requirements of the FTCA. *See* 28 U.S.C. § 2675; *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979).

However, in this case the Court lacks jurisdiction over a FTCA case against the United States because Plaintiff fails to allege administrative exhaustion. An administrative claim must first be filed with the appropriate federal agency, and finally denied by the agency, before commencement of a civil action in a district court under the FTCA. *See* 28 C.F.R. § 14.2; the Standard Form 95; 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"). Under the FTCA, "the requirement of filing an administrative claim is jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir.1986). Here, Plaintiff does not allege that he has submitted a Standard Form 95 to an appropriate federal agency or that a federal agency has finally denied his claim. Thus, Plaintiff fails to state a plausible claim pursuant to the FTCA.

To the extent Plaintiff intends to sue the United States President, Vice President, Secretary of Defense, Joint Chief of Staff, Secretary of the Navy, Commandant of Marine Corps, and Sergeant Major of Marine Corps pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971), where the Supreme Court established a direct

cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights in certain circumstances, he fails to state a plausible claim. A plaintiff cannot bring a *Bivens* claim against the United States, a federal agency, or public officials in their official capacity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

And, Plaintiff fails to allege a plausible claim against them in their individual capacities because the crux of the action alleges negligence against them. For example, Plaintiff alleges he was not properly treated for his mental illness. It is well settled that negligence, in general, is not actionable under § 1983 or *Bivens*. *See Daniels v. Williams*, 474 U.S. 327, 328–36 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345–48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). "Deliberate indifference is a very high standard – a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (noting that ordinary lack of due care is not sufficient). Therefore, Plaintiff fails to state a claim on which relief may be granted.

To the extent Plaintiff seeks to obtain veteran or military benefits by bringing this action, this Court lacks jurisdiction. The Veterans' Judicial Review Act ("VJRA"), 38 U.S.C. § 7251, et seq., provides the means for review of veterans' benefits claims. *See Crosby v. United States*, C/A No. 2:13-96-RMG, 2014 WL 101625, at *1 (D.S.C. Jan. 8, 2014). Review is with the Court of Veterans Appeals and then to the United States Court of Appeals for the Federal Circuit. *Id*.

Additionally, this action should be dismissed based on frivolousness. The crux of the relief requested—a presidential pardon and to be cleared of the murder charge—has

6

no arguable basis in law in this Court. *See Worley v. Keller*, 475 F. App'x 484 (4th Cir. 2012) (a suit is frivolous if it lacks an arguable basis in law or fact); *see also Nagy v. FMC Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (explaining that "[t]he word 'frivolous' is inherently elastic and 'not susceptible to categorical definition.'"). And, Plaintiff's allegation that he has been the victim of taxation without representation has no factual support. Thus, it is another example of frivolousness.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

January 4, 2016                     S/Jacquelyn D. Austin
Greenville, South Carolina          United States Magistrate Judge

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).